

**Potter Anderson & Corroon** LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

Somers S. Price, Jr.
Partner
Attorney at Law
302 984-6014
302 658-1192 Fax
sprice@potteranderson.com

August 10, 2007

**BY CM/ECF**

The Honorable Mary Pat Thynge
United States District Court
Lock Box 8
844 North King Street
Wilmington, DE 19801

   Re: Martin v. The Delaware Law School of Widener University, Inc.
     Case No. 85-53-JJF

Dear Magistrate Thynge:

   This letter will serve as the response of The Delaware Law School of Widener University, Inc. (the "Law School") to the self-styled Rule 60(b)(4), (5) or (6) Motion to Reopen of plaintiff James L. Martin (the "Rule 60 Motion") in the captioned matter.

   This action was resolved originally by the Court as to my client on a Motion to Dismiss filed by the Law School. That motion was granted in an opinion in *Martin v. Delaware Law School of Widener University, Inc.*, 628 F.Supp. 1288 (D.Del. 1984) aff'd 884 F.2d 1384 (3d Cir. 1989) cert. denied; 493 U.S. 875, 110 S.Ct. 212 (1989) rehearing denied; 493 U.S. 970, 110 S.Ct. 421 (1989), cert. denied; 493 U.S. 966, 110 S.Ct. 411 (1989) rehearing denied; 493 U.S. 1038, 110 S.Ct. 766 (1990)

   Contrary to any implication in plaintiff's instant motion, the plaintiff did not seek any relief against the Law School which related in any way to Mr. Martin's driver's license or his driving record. Indeed, as explained in the 1985 opinion of Judge Farnan, the relief sought from my client was monetary damages, attorney's fees and a declaratory judgment against certain alleged acts by defendants in this case (628 F.Supp. at 1293). Plaintiff's claims against the Law School were based on alleged violations of the Rehabilitation Act of 1973, 42 USC §§ 1983, 1985 and 1986, Title 7 of the Civil Rights Act of 1964 and other federal statutes and constitutional provisions, and alleged tortious conduct related to plaintiff's response to a question on his Law School application and actions by the Law School thereafter, as well as alleged participation by the Law School in an unspecified conspiracy with all other defendants. Other than the alleged conspiracy claim, which was dismissed due to the conclusory pleading of the alleged conspiracy, there was no conduct alleged against the Law School which referred or related to Mr. Martin's driver's license or matters related thereto. As a result, the instant motion has no relation to the Law School.

The Honorable Mary Pat Thynge
August 10, 2007
Page Two

      Moreover, although the Rule 60 Motion purports to be raised under Rule 60(b)(4), (5) or (6) of the Federal Rules of Civil Procedure, plaintiff has offered no basis related to the Law School and how the specified subsections are applicable to any judgment in favor of the Law School.

      Accordingly, the plaintiff's Rule 60 Motion should be denied with respect to the Law School and the Law School should be excused from any other proceedings related to said motion.

      Should the Court require a further submission or have any questions, I am at the Court's convenience.

Respectfully,

Somers S. Price, Jr. (DSBA #279)

SSP/mlc/811995/12983
cc: Mr. James L. Martin – By First Class Mail and By CM/ECF
    Administrative Office of PA Courts – By First Class Mail
    Pennsylvania Attorney General, Litigation Section – By First Class Mail
    Stuart B. Young, Esquire – By First Class Mail
    Tybout, Redfearn, & Pell – By First Class Mail