IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES L. MARTIN, | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | |
| v. | : | D. Del. Civil Action No. 85-0053-LS |
| | : | |
| DELAWARE LAW SCHOOL, et al., | : | Judge Lawrence F. Stengel, by |
| | : | designation[1] |
|     Defendants | : | |

M E M O R A N D U M

**STENGEL, J.**                                                                                      June 6, 2008

Plaintiff seeks to reopen a case that has been amply litigated in both state and federal court since Judge Farnan granted dismissal over twenty years ago. See, e.g., Martin v. Delaware Law School of Widener University, D.Del., 625 F.Supp. 1288 (1985), aff'd. sub. nom, 884 F.2d 1384 (3rd Cir. 1989), cert. denied 110 S.Ct. 411 (1989), reh'g denied, 110 S.Ct. 766 (1990); Martin v. Delaware Law School of Widener University, D. Del. Civ. A. No. 85-53-JJF, at 3 (Oct. 16, 1986) (dismissing amended complaint that "merely rehash[ed] the allegations of the original Complaint" with prejudice); Martin v. Widener Univ. School of Law, et al., No. 91C-09-255, 1993 Del. Super. LEXIS 148 (Mar. 17, 1993) (declining to reopen one of plaintiff's state court cases, which had been dismissed, partially on res judicata grounds based on Judge Farnan's decision; noting that

---

[1] See Designation of District Judge for Service in another District within the Circuit, D. Del. Civ. A. No. 85-0053-JJF, Document #193 (designating and assigning this matter "for such period of time as is necessary" to arrive at a disposition).

plaintiff's motion to reopen was "totally without merit").

Rule 60(b) states, in pertinent part:

> On motion and upon such matters as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void; (5) . . . applying [the judgment] prospectively is no longer equitable; or (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b)(4)-(6).

To the extent Mr. Martin asserts cognizable grounds for reopening his 1985 case under Rule 60(b)(4), (5) and (6), his claim is a legally frivolous attack on Judge Farnan's decisions, brought well beyond the bounds of the "reasonable time" requirement imposed by Rule 60(c), where applicable. See Lasky v. Continental Products Corp., 804 F.2d 250, 255 (3d Cir. 1986) (for relief under Rule 60(b), "what is a reasonable time must depend to a large extent upon the particular circumstances alleged") (citing Delzona Corporation v. Sacks, 265 F.2d 157, 159 (3d Cir. 1959)); United States v. One Toshiba Color TV, 213 F.3d 147, 157 (3d Cir. 2000) (holding that Rule 60(b)(4) is not subject to the "reasonable time" requirement, since "no passage of time can render a void judgment valid"); but see, e.g., State St. Bank & Trust Co. v. Invesrsiones Errazuriz Limitada, 374 F.3d 158, 178-79 (2d Cir. 2004) (holding that when, as here, a party makes one motion for relief under some other provision of Fed. R. Civ. P. 60(b), then makes a subsequent motion under Fed. R. Civ. P. 60(b)(4) arguing that judgment is void, second motion may be denied as unreasonably delayed).

Although plaintiff cites Rule 60(b)(4), (5) or (6) as potential grounds for relief, his Allegations of Law clearly indicate an enduring belief that the decisions of Judge Farnan were void <u>ab initio</u>, entitling plaintiff to relief under Rule 60(b)(4). If plaintiff relies on the notion that a Rule 60(b)(4) motion may be brought at any time, such reliance is misplaced under these circumstances, where a litigant uses the mechanism as a means of perpetually wasting the judicial system's time and resources with successive motions arguing identical issues. Moreover, Judge Farnan himself addressed the same Rule 60(b)(4) issue raised in the present motion over fifteen years ago, in a well reasoned opinion. <u>See</u> <u>Martin v. Delaware Law School</u>, D. Del. Civ. A. No. 85-0053-JJF (May 6, 1993) (Document #176). The question requires no further consideration by this court or any other.

Lest the present decision should leave plaintiff under the false assumption that Rule 60(b)(5) or (6) may linger as possible avenues of relief, I will clarify that his claims under these headings are equally without merit. First, his motion is untimely and fails to state any rational ground to suggest that it would be inequitable for Judge Farnan's decision to stand under Rule 60(b)(5). "A party can show that a judgment should no longer have prospective application if it can demonstrate a significant change in either factual conditions or the law." <u>ACLU v. Schundler</u>, 168 F.3d 92, 97 (3d Cir. 1999) (citing <u>Rufo v. Inmates of Suffolk County Jail</u>, 502 U.S. 367, 384 (1992)); <u>see also</u> <u>Lasky</u>, 804 F.2d at 255. Mr. Martin has failed to show any relevant change in the facts or law

applicable to his claims to warrant further inquiry.  His claim under 60(b)(5) is frivolous.  Second, courts throughout the country have limited the application of Rule 60(b)(6) to extraordinary instances of injustice that by no means present themselves here, and a Rule 60(b)(6) motion is only available where no more specific provision of Rule 60(b) may be invoked.  See, e.g., Eun Hee Choi v. Kim, 258 Fed. Appx. 413, 416 (3d Cir. 2007) (noting the "extraordinary circumstances" requirement for seeking vacatur under Rule 60(b)(6)); Stone Hedge Props. v. Phoenix Capital Corp., 71 Fed. Appx. 138 (3d Cir. 2003) (holding that totally unexplained delay in moving for recusal was unreasonable and that the initial unreasonable delay in filing the motion was a "compelling basis" to affirm the dismissal of this case); 12 MOORE'S FEDERAL PRACTICE ¶ 60.48 (3d ed. 1999) ("If the reasons offered for relief from judgment could be considered under one of the more specific clauses of Rule 60(b)(1)-(5), those reasons will not justify relief under Rule 60(b)(6)."). Plaintiff's suggestion that Rule 60(b)(6) is available to him is therefore incorrect and his motion must fail.  An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **JAMES L. MARTIN,** | : | CIVIL ACTION |
| **Plaintiff** | : | |
| | : | |
| v. | : | D. Del. Civil Action No. 85-0053-LS |
| | : | |
| **DELAWARE LAW SCHOOL, et al.,** | : | Judge Lawrence F. Stengel, by |
| | : | designation |
| **Defendants** | : | |

## O R D E R

**STENGEL, J.**

**AND NOW**, this 6th day of June, 2008, upon consideration of Mr. Martin's Rule 60(b)(4), (5) or (6) Motion to Reopen (Document #187), it is hereby **ORDERED** that the motion is **DENIED**.

BY THE COURT:

 /s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.